# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

DENNIS PATRICK HOULE,

    *Plaintiff*,

vs.

STATE OF NEVADA, *et al.*

    *Defendants*.

2:09-cv-02442-JCM-PAL

ORDER

This *pro se* prisoner civil rights action comes before the court for screening under 28 U.S.C. § 1915A.

At the very outset, Local Rule LSR 2-1 requires that a *pro se* civil rights complaint must be filed on the court's required complaint form. In this case, plaintiff refers in the present complaint to a complaint in a previously-dismissed action that he filed in 2:09-cv-02006-JCM-PAL. He refers to that complaint for the statement of his claims and for the statement of the relief requested. Plaintiff attaches a copy of that complaint with the complaint in this action. That prior complaint, in turn, was not set forth on the court's required complaint form.

Plaintiff instead must state the entirety of his claims on the court's required complaint form *in this case* without incorporating other documents from other actions. He may not use the complaint form merely as a cover document for a statement of his claims in another document. He must state the entirety of his claims on the complaint form, within the body of that form, and without incorporation of other documents.

Moreover, all defendants sued must be named within the body of the complaint form. Plaintiff lists defendants in the caption that are not named within the body of the complaint. That is not sufficient to state a claim against a defendant. Plaintiff instead must name all defendants in the body of the complaint form, including any defendants listed in the caption, and he must answer all queries in the complaint form as to each such defendant.

Moreover, the defendants that are listed in the caption of the complaint, but not also in the body of the complaint, are not subject to suit in this action. Claims in federal court against a state or an arm of the state, such as the "Parole Board" and the "Nevada Department of Prisons," are barred by state sovereign immunity under the Eleventh Amendment. *See,e.g.*, *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). State sovereign immunity bars suit in federal court against a State or an arm of a State regardless of the relief sought. *See,e.g., Pennhurst State School & Hospital v. Halderman,* 465 U.S. 89, 100-01, 104 S.Ct. 900, 908, 79 L.Ed.2d 67 (1984). State sovereign immunity limits the jurisdiction of the federal courts and can be raised at any time during the judicial proceedings either by the parties or by the court *sua sponte*. *In re Jackson*, 184 F.3d 1046, 1048 (9th Cir. 1999). The claims asserted against the State of Nevada, the Parole Board, and the Nevada Department of Prisons therefore will be dismissed without prejudice under the Eleventh Amendment for lack of jurisdiction over the subject matter.

Further, High Desert State Prison and Southern Desert Correctional Center are correctional facilities – *i.e.*, buildings – not juridical persons subject to suit. Plaintiff cannot sue a facility or building.

Finally, plaintiff must state his allegations in legible handwriting. Literally cramming illegible scribbled content into the margins of a pleading is not permitted. Illegible writing and/or writing crammed into the margins simply will be ignored.

IT THEREFORE IS ORDERED that the clerk shall file the complaint and that all claims against the State of Nevada, the "Parole Board," the "Nevada Department of Prisons," High Desert State Prison, and Southern Desert Correctional Center are DISMISSED without prejudice.

1  IT FURTHER IS ORDERED that, within thirty (30) days of entry of this order, plaintiff shall file an amended complaint on the court's required complaint form that corrects the deficiencies identified in this order and that is written legibly.

The clerk shall provide plaintiff with a copy of the complaint that he submitted together with two copies of a civil rights complaint form.

If plaintiff fails to both fully and timely comply with this order, the action will be dismissed without further advance notice.

The court will screen any amended complaint filed by plaintiff before ordering any further action in the case.[1]

DATED: November 5, 2010.

_____
JAMES C. MAHAN
United States District Judge

---

[1] This order does not hold expressly or by implication that the complaint otherwise is free of deficiencies. The court will screen the amended complaint after plaintiff has filed a pleading that complies with the local rules.