# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

DENNIS PATRICK HOULE,

    *Plaintiff*,

vs.

STATE OF NEVADA, *et al.*

    *Defendants*.

2:09-cv-02442-JCM-PAL

ORDER

    This *pro se* prisoner civil rights action comes before the court for initial review under 28 U.S.C. § 1915A of the amended complaint, on plaintiff's motion (#16) for appointment of counsel, and on his motion (#17) for relief from order.

    In considering whether the plaintiff has stated a claim upon which relief can be granted, all material factual allegations in the complaint are accepted as true for purposes of initial review and are to be construed in the light most favorable to the plaintiff. *See, e.g., Russell v. Landrieu*, 621 F.2d 1037, 1039 (9th Cir. 1980). However, mere legal conclusions unsupported by any actual allegations of fact are not assumed to be true in reviewing the complaint. *Ashcroft v. Iqbal*, ___ U.S. ___, 129 S.Ct. 1937, 1949-51 & 1954, 173 L.Ed.2d 868 (2009). That is, bare, naked and conclusory assertions that merely constitute formulaic recitations of the elements of a cause of action and that are devoid of further factual enhancement are not accepted as true and do not state a claim for relief. *Id.*

    Further, the factual allegations must state a plausible claim for relief, meaning that the well-pleaded facts must permit the court to infer more than the mere possibility of misconduct:

> [A] complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." [*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 1974, 167 L.Ed.2d 929 (2007).] A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id.*, at 556, 127 S.Ct. 1955. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. *Ibid*. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.' " *Id.*, at 557, 127 S.Ct. 1955 (brackets omitted).
>
> . . . . [W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged - but it has not "show[n]" - "that the pleader is entitled to relief." Fed. Rule Civ. Proc. 8(a)(2).

*Iqbal*, 129 S.Ct. at 1949-50.

Allegations of a *pro se* complainant are held to less stringent standards than formal pleadings drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519, 520, 92 S.Ct. 594, 596, 30 L.Ed.2d 652 (1972).

In the amended complaint, plaintiff brings claims against a number of state officials, in their official capacity, challenging a denial of parole due to multiple alleged procedural violations and other alleged errors. He seeks an order directing that his sentence be deemed complete with time served, an order requiring "more stringent laws guiding [the] Parole Board," and compensatory and punitive damages for "illegal confinement."

The claims presented are not cognizable in a civil rights action under 42 U.S.C. § 1983. Claims seeking to set aside a past denial of parole or to obtain a release on parole are not cognizable under Section 1983. *See Wilkinson v. Dotson*, 544 U.S. 74, 78-82, 125 S.Ct. at 1242, 1245-48, 161 L.Ed.2d 253 (2005); *Bogovich v. Sandoval*, 189 F.3d 999, 1003-04 (9th Cir. 1999); *Butterfield v. Bail*, 120 F.3d 1023, 1024-25 (9th Cir. 1997). The inmate's remedies, if any, as to such claims instead are found in habeas corpus rather than § 1983. *Id.* In this case, plaintiff clearly is presenting claims that necessarily challenge the validity of his confinement following the denial of parole. Such a claim is not cognizable in a civil rights action under § 1983.

The amended complaint therefore will be dismissed without prejudice. The court finds that allowance for leave to amend would be futile following upon the earlier opportunity to amend. The objects of the suit, release from custody and damages for alleged illegal confinement, are not available under § 1983 in the context presented.[1]

On the motion for appointment of counsel, there is no constitutional right to appointed counsel in a § 1983 action. *E.g., Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997), *opinion reinstated in pertinent part*, 154 F.3d 952, 954 n.1 (9th Cir. 1998)(*en banc*). However, the provision in 28 U.S.C. § 1915(e)(1) gives a district court the discretion to request that an attorney represent an indigent civil litigant. *See,e.g., Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986); 28 U.S.C. § 1915(e)(1)("The court may request an attorney to represent any person unable to afford counsel."). Yet the statute does not give the court the authority to compel an attorney to accept appointment, such that counsel remains free to decline the request. *See Mallard v. United States District Court*, 490 U.S. 296, 109 S.Ct. 1814, 104 L.Ed.2d 318 (1989). While the decision to request counsel is a matter that lies within the discretion of the district court, the court may exercise this discretion to request counsel only under "exceptional circumstances." *E.g., Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991). A finding of exceptional circumstances requires an evaluation of both the likelihood of success on the merits and the plaintiff's ability to articulate his claims *pro se* in light of the complexity of the legal issues involved. *Id.* Neither of these factors is determinative and both

---

[1] The amended complaint also is deficient in a number of additional respects. First, plaintiff may not recover monetary damages from the defendant officials in their official capacity. Claims for monetary damages from the defendants in their official capacity are barred by state sovereign immunity under the Eleventh Amendment. *See,e.g., Taylor*, 880 F.2d at 1045; *Cardenas v. Anzal*, 311 F.3d 929, 934-35 (9th Cir. 2002). State officials sued in their official capacity for monetary damages in any event are not "persons" subject to suit under 42 U.S.C. § 1983. *See Will v. Michigan Dept. of State Police*, 491 U.S. 58, 71 & n.10, 109 S.Ct. 2304, 2312 n.10, 105 L.Ed.2d 45 (1989). Second, the vague reference in Count III to a limitation on law library access does not state a claim. Plaintiff refers to a number of exhibits, but plaintiff clearly was advised in the prior order that "[h]e must state the entirety of his claims on the complaint form, within the body of that form, and without incorporation of other documents." #13, at 1, lines 27-28. In all events, a bare allegation of a limitation on law library access, without more, fails to state a claim for relief. *See,e.g., Lewis v. Casey*, 518 U.S. 343, 351 & 362, 116 S.Ct. 2174, 2180 & 2185, 135 L.Ed.2d 606 (1996). Third, a federal court has no jurisdiction to enter an order directing a state legislature to adopt "more stringent laws" guiding a parole board.

must be viewed together before reaching a decision. *Id.* In the present case, looking to both the noncognizability of plaintiff's claims and plaintiff's ability to articulate the claims presented, the court does not find that exceptional circumstances exist in this case. The motion for appointment of counsel therefore will be denied.

In the motion for relief from order, plaintiff challenges the portion of the court's prior order stating that plaintiff had not complied with Local Rule LSR 2-1, which requires that a *pro se* civil rights complaint must be filed on the court's required complaint form. See #13, at 1, lines 18-23. Plaintiff contends that this portion of the order conflicts in some manner with the prior grant of his application to proceed *in forma pauperis*. One has nothing to do with the other. The motion is nonsensical and will be denied.

IT THEREFORE IS ORDERED that this action shall be DISMISSED without prejudice.

IT FURTHER IS ORDERED that plaintiff's motion (#16) for appointment of counsel, and his motion (#17) for relief from order both are DENIED.

The clerk of court shall enter final judgment accordingly, dismissing this action without prejudice.

DATED:   December 17, 2010.

_____
JAMES C. MAHAN
United States District Judge