# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

DENNIS PATRICK HOULE,

    *Plaintiff*,

vs.

STATE OF NEVADA*, et al.*

    *Defendants*.

2:09-cv-02442-JCM-PAL

ORDER

This closed *pro se* prisoner civil rights action comes before the court on plaintiff's motion (#21) for relief from order under Rule 60 of the Federal Rules of Civil Procedure.

### *Background*

Plaintiff seeks an order vacating the judgment of dismissal in order to allow plaintiff to file a second amended complaint tendered with the motion. Plaintiff contends that the court erroneously concluded in its order of dismissal that allowance for leave to amend would be futile prior to entry of final judgment.

Final judgment was entered in this matter on December 17, 2010. The time to seek any relief under Rule 59 expired on January 14, 2011. The time to file a timely notice of appeal expired on Tuesday, January 18, 2011, after the federal holiday. The present motion and tendered amended complaint were signed on January 20, 2011, after the expiration of both the time to seek relief under Rule 59 and the time to appeal.

In the amended complaint filed prior to the dismissal, plaintiff alleged that he had been improperly denied parole following a parole revocation and thus confined improperly. He

requested, *inter alia*, that his case be deemed complete based upon time served and compensatory damages of $1.6 million dollars per year since his allegedly illegal confinement. The court dismissed the action as not cognizable under § 1983 because plaintiff plainly was challenging the legality of his confinement following the denial of parole. The court concluded that allowance for leave to amend would be futile given that plaintiff could not challenge the legality of his confinement under § 1983.

In the amended complaint submitted with the motion, plaintiff has not materially altered his prior allegations relied upon previously to claim that he had been illegally confined. He seeks to alter his requests for relief to seek a judgment declaring that his rights were violated, declaring that the parole hearing be deemed invalid, and ordering the parole board to rehear the matter.

## *Discussion*

After the time to appeal has expired, a Rule 60 motion may not serve as a substitute for an appeal; accordingly, a party may not use a Rule 60 motion to seek to vacate a final judgment based upon alleged legal error after the time for pursuing an appeal has expired. *See,e.g., United Student Aid Funds, Inc. v. Espinosa*, ___ U.S. ___ 130 S.Ct. 1367, 1377, 176 L.Ed.2d 158 (2010)(a Rule 60(b)(4) motion is not a substitute for a timely appeal, and a judgment is not void simply because it is or may have been erroneous); *Gonzalez v. Crosby*, 545 U.S. 524, 536-38, 125 S.Ct. 2641, 2650-51, 162 L.Ed.2d 480 (2005)(Rule 60(b)(6) not available to raise alleged errors that should have been raised on an appeal); *Lafarge Conseils et Etudes, S.A. v. Kaiser*, 791 F.2d 1334, 1337-38 (9th Cir. 1986)(Rule 60(b) motion does not permit a party to attack an order for error that could have been complained of on a direct appeal); *Plotkin v. Pacific Telephone & Telegraph Co.*, 688 F.2d 1291, 1293 ("Legal error does not by itself warrant the application of Rule 60(b)")*; Twentieth Century-Fox Film Corp. v. Dunnahoo*, 637 F.2d 1338, 1340-41 (9th Cir. 1981)(Rule 60(b)(6) motion is not a substitute for an appeal); *Gila River Ranch, Inc. v. United States*, 368 F.2d 354 (9th Cir. 1966)(under Rule 60(b)(1), the trial judge, within a reasonable time *not exceeding the time for appeal*, can hold a rehearing and change his decision); *Title v. United States*, 263 F.2d 28, 31 (9th Cir.

1959)(under controlling Supreme Court precedent, Rule 60(b) was not intended to provide relief for alleged error on the part of the court or to serve as a substitute for an appeal).[1]

Accordingly, given that the time to appeal has expired, plaintiff may not obtain post-judgment relief under Rule 60 based upon the contention that the court erred by entering a final judgment dismissing the action without allowing for leave to amend.

The court in any event is not persuaded that its determination was erroneous that allowance for leave to amend would be futile.

At the outset, the court is not sanguine – based upon the allegations presented in *this* case – that merely changing the relief requested to declaratory and prospective injunctive relief makes this particular action cognizable under § 1983.  The court understands that plaintiff is seeking by the proposed amendment to bring his case within the reach of the holding in *Wilkinson v. Dotson*, 544 U.S. 74, 125 S.Ct. 1242, 161 L.Ed.2d 253 (2005).  In *Wilkinson*, the Supreme Court held that prisoners challenging the constitutionality of state parole procedures via declaratory and prospective injunctive relief were not required to first seek habeas relief.  In the present case, however, the allegations of the original and first amended complaint, which have been carried forward in the proposed second amended complaint without material change, challenged the validity of plaintiff's past confinement. For example, plaintiff alleges in the tendered second amended complaint that he was denied

---

[1] Cases subsequent to *Gila* occasionally gloss over the critical distinction regarding the expiration of the time to appeal in connection with a party's ability to challenge alleged legal error via a Rule 60 motion. The earlier circuit precedent in *Gila* controls as to the significance of the distinction, however, absent intervening contrary Supreme Court authority or unless overruled by later *en banc*, as opposed to merely panel, authority.  *See,e.g., Von Saher v. Norton Simon Museum of Art*, 592 F.3d 954, 969 (9th Cir. 2010). Here, the intervening and controlling case law from the Supreme Court reinforces rather than undercuts the conclusion in *Gila* that a Rule 60 motion is not an appropriate vehicle for raising alleged legal error in a dismissal order and final judgment after the expiration of the time to appeal.

It is not clear from plaintiff's motion which provision of Rule 60 plaintiff relies upon.  In his motion, plaintiff invokes "Rule 60(a)(1)."  Rule 60(a) is not broken down into numbered subparagraphs.  To the extent that plaintiff is seeking to rely upon Rule 60(a), that reliance is misplaced.  Rule 60(a) does not provide a basis for raising alleged legal errors in an order as opposed to clerical mistakes.  *See,e.g., Blanton v. Anzalone*, 813 F.2d 1574, 1577 & n.2 (9th Cir. 1987).  This court's entry of final judgment without leave to amend was an intentional decision by the court made following review of the pleadings, not in any sense a clerical oversight.  To the extent that plaintiff instead relies upon one or more of the numbered subparagraphs of Rule 60(b), that reliance is misplaced under the authorities cited in the text.

1 equal protection on the ground hat he could not have been incarcerated for more than six
2 months after his parole violation.  The court is not sanguine that plaintiff can "shoehorn" his
3 way into the reach of the *Wilkinson* holding merely by seeking prospective relief on a
4 complaint presenting allegations that continuously have challenged the legality of his past
5 confinement from the outset of the case.

6       In all events, plaintiff fails to state a claim for declaratory and prospective injunctive
7 relief with regard to alleged procedural errors in his Nevada state parole proceedings.  Plaintiff
8 must establish that he was deprived of a protected liberty interest as a fundamental threshold
9 prerequisite to any procedural due process claim.  *See,e.g., Meachum v. Fano*, 427 U.S. 215,
10 96 S.Ct. 2532, 49 L.Ed.2d 451 (1976).  It is well-established law that a state parole statute
11 does not create a protected liberty interest for purposes of federal constitutional due process
12 protections unless the state statute mandates that parole "shall" be granted following the
13 fulfillment of specified requirements.  *See Greenholtz v. Inmates of Nebraska Penal and*
14 *Correctional Complex*, 442 U.S. 1, 99 S.Ct. 2100, 60 L.Ed.2d 668 (1979); *Baumann v. Arizona*
15 *Dep't of Corrections*, 754 F.2d 841, 844 (9th Cir.1985).  The Nevada legislature expressly has
16 stated that release on parole is an "act of grace of the State" and that "it is not intended that
17 the establishment of standards relating thereto create any such right or interest in liberty."
18 N.R.S. 213.10705; *see also Severance v. Armstrong*, 96 Nev. 836, 838-39 620 P.2d 369, 370
19 (Nev.1980)(Nevada parole statutes provide "no legitimate expectation of parole release").
20 Nevada inmates thus have no protected liberty interest in Nevada parole hearings.  *See Moor*
21 *v. Palmer*, 603 F.3d 658, 661-62 (9th Cir. 2010); *Garcia v. Nevada Board of Prison*
22 *Commissioners*, 2008 WL 818981, at *7 (D.Nev., Mar. 24, 2008); *Cooper v. Sumner*, 672
23 F.Supp. 1361, 1366-67 (D.Nev. 1987); *Kelso v. Armstrong*, 616 F.Supp. 367, 369 (D.Nev.
24 1985); *Austin v. Armstrong*, 473 F.Supp. 1114, 1116-17 (D.Nev. 1979).  Thus, in this case,
25 plaintiff cannot establish the denial of a protected liberty interest as a fundamental
26 prerequisite for claims seeking declaratory and prospective relief regarding the procedures
27 followed by the parole board in his case.

28       Plaintiff's invocation of equal protection guarantees similarly fails to state a claim upon

which relief may be granted. Plaintiff relies upon N.R.S. 213.152 for a purported six month limitation on his incarceration. N.R.S. 213.152 provides that the parole board "may" order a parole violator to a term of residential confinement in lieu of returning the parolee to confinement, in which case the parolee is to be confined to an institution for not more than six months. According to the allegations of the pleadings presented, plaintiff was not ordered to a term of residential confinement following his parole violation but instead his parole was revoked and he was returned to institutional confinement. The statute thus does not apply to him. Not every dissimilar treatment of individuals by state officials gives rise to an equal protection violation, and no conceivably plausible equal protection claim arises in this context.

Or, as the court stated succinctly in its order of dismissal, "allowance for leave to amend would be futile following upon the earlier opportunity to amend." #19, at 3. Plaintiff has not presented a claim upon which relief may be granted, and he continues to fail to do so in the proposed second amended complaint.[2]

The motion therefore will be denied. Plaintiff may not pursue a claim of legal error in the prior order via a Rule 60 motion following the expiration of the time for an appeal. Even if he could do so, no error has been demonstrated in the court's dismissal of the matter without further allowance for leave to amend.

IT THEREFORE IS ORDERED that the motion (#21) for relief from order is DENIED.

DATED: January 31, 2011.

_____
JAMES C. MAHAN
United States District Judge

---

[2] The court notes that plaintiff continues to present allegations that are little more than sentence fragments with references to attached documents. The court has stated twice that plaintiff must state his claims within the complaint itself without incorporation of other documents. See #13, at 1; #19, at 3 n.1. Neither plaintiff's claims regarding his parole hearing nor his still conclusory claim regarding law library access state a claim for relief. The Court's order plainly stated the pleading standard that plaintiff must satisfy, and the pleading presented with the motion plainly fails to satisfy that standard.