# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

DENNIS PATRICK HOULE,

 *Plaintiff*,

vs.

STATE OF NEVADA*, et al.*

 *Defendants*.

2:09-cv-02442-JCM-PAL

ORDER

 This closed *pro se* prisoner civil rights action comes before the court on plaintiff's motion (#23) for relief from order under Rule 60(a) of the Federal Rules of Civil Procedure and his motion (#24) for appointment of counsel.

## *Background*

 Plaintiff seeks for a second time to set aside the judgment of dismissal entered herein. Final judgment was entered on December 17, 2010. The time to seek relief under Rule 59 expired on January 14, 2011. The time to file a timely notice of appeal expired on Tuesday, January 18, 2011, after the federal holiday. Plaintiff's first motion for relief for judgment was signed on January 20, 2011, after the expiration of both the time to seek relief under Rule 59 and the time to appeal. The court denied the motion on January 31, 2011. The present second motion for relief from judgment was mailed for filing on or about March 17, 2011.

 In the amended complaint filed prior to the dismissal, plaintiff alleged that he had been improperly denied parole following a parole revocation and thus confined improperly. He requested, *inter alia*, that his case be deemed complete based upon time served and that he

be awarded compensatory damages of $1.6 million dollars per year since his allegedly illegal confinement. The court dismissed the action as not cognizable under § 1983 because plaintiff plainly was challenging the legality of his confinement following upon the denial of parole. The court concluded that allowance for leave to amend would be futile given that plaintiff could not challenge the legality of his confinement under § 1983.

In the amended complaint submitted with the first motion for relief from judgment, plaintiff did not materially alter the allegations that he had relied upon previously to claim that he had been illegally confined. He sought to alter his requests for relief to seek a judgment declaring that his rights were violated, declaring that the parole hearing be deemed invalid, and ordering the parole board to rehear the matter.

In its order denying the motion for relief from judgment, the court noted initially that plaintiff impermissibly was seeking to use a Rule 60 motion to seek to vacate a final judgment based upon alleged legal error after the time to appeal had expired. The court further concluded, however, that its prior determination was not erroneous that allowance for further leave to amend would be futile. First, the court was not sanguine that plaintiff could make his claims cognizable under § 1983 by seeking only prospective relief based upon underlying allegations that continued to necessarily challenge the legality of his past confinement. Second, the court noted that plaintiff in any event failed to state a claim for declaratory and injunctive relief given that, *inter alia*, plaintiff had no protected liberty interest in the Nevada parole proceedings. Regardless of the relief sought, plaintiff still must present a viable claim, which he did not. The court accordingly adhered to its prior determination that allowance of further leave to amend would be futile. #22, at 2-5.

### *Discussion*

Petitioner again moves for relief for judgment. He now seeks relief under Rule 60(a) on the basis of alleged "clerical error." Plaintiff urges that the court committed "clerical error" when it concluded that plaintiff could not seek monetary damages from a state officer defendant in his official capacity.

The problems with plaintiff's argument are threefold.

1    First, an alleged legal error in a conclusion that the court intended to make does not constitute a "clerical error" for purposes of Rule 60(a).  *See,e.g., Blanton v. Anzalone*, 813 F.2d 1574, 1577 & n.2 (9th Cir. 1987).  Rule 60(a) is not a vehicle for challenging the legal correctness of rulings made by the district court.

   Second, the court's dismissal of the case did not hinge upon whether plaintiff could pursue a state officer defendant in his official capacity for monetary damages.  In the order of dismissal, the court held that plaintiff's claims were not cognizable under § 1983 because plaintiff plainly was challenging the legality of his confinement following upon the denial of parole.  The court further observed in passing in a footnote that the amended complaint, which then sought monetary damages, was deficient in a number of additional respects, including that "plaintiff may not recover monetary damages from the defendant officials in their official capacity."  The court noted that claims for monetary damages from the defendants in their official capacity are barred by state sovereign immunity and that state officials sued in their official capacity for monetary damages in any event are not "persons" subject to suit under § 1983. #19, at 3 n.1. Even if the court were wrong in this regard, which, as discussed below, it was not, the complaint nonetheless was subject to dismissal.  *The basis for dismissal was not that plaintiff sued a state official in his official capacity for monetary damages. Rather, the court dismissed the case because plaintiff did not have a viable claim for relief in the circumstances presented, against any defendant, in any capacity.*

   Third, plaintiff's contention that the court committed error, clerical or otherwise, in its statement of the law is completely wrong. Plaintiff urges that the decision in *Doe v. Lawrence Livermore National Laboratory*, 131 F.3d 836, 839 (9th Cir. 1997), establishes "[t]hat a state official in his official capacity is considered a 'person' subject to suit under '1983.'" #23, at electronic docketing page 4.  The cited case instead states only that a state official may be sued in his official capacity "for *prospective injunctive relief.*"  131 F.3d at 839 (emphasis in original).  This court's statement that plaintiff could not recover *monetary damages* from the defendants in their official capacity was, and remains, entirely correct.

   Plaintiff's reliance upon Rule 60(a) for relief thus is entirely misplaced.

-3-

This case was dismissed, again, because plaintiff does not present a viable procedural due process or equal protection claim, whether for monetary damages or prospective relief, based upon the denial of his parole. He cannot state a claim in the first instance in the context presented. See #22, at 3-5.

Plaintiff further maintains that he has had difficulty accessing the prison law library. The prison "kites" that he attaches with his motion demonstrate, in the main, that he has requested and been granted access to the law library at reasonable intervals taking into account that plaintiff is in a controlled prison environment. In only one instance was time or delay a factor vis-à-vis a deadline. According to the kite, plaintiff requested access to the library on January 13, 2011, "to make copies and mail my amended 1983." #23, at electronic docketing page 7. Plaintiff was not able to get into the library to mail his submission until on or after January 20, 2011. See #22, at 1. Plaintiff made his request one day before the January 14, 2011, deadline for seeking relief under Rule 59 and five days before the time for filing an appeal expired. Plaintiff did not state in his kite that he was seeking to make a Rule 59 or appeal deadline; he referred only to his "amended motion" being late after January 17th. Consistent with the kite, he did not seek Rule 59 relief or file an appeal thereafter.

Plaintiff cannot wait until the eleventh hour to request law library access in a prison environment. In all events, the court addressed the underlying merits of plaintiff's contentions on his first motion. The court did not simply decline to consider the motion solely on the ground that plaintiff was seeking to pursue a claim of legal error after the Rule 59 and appeal deadlines had passed. Again, plaintiff, at bottom, just does not have a claim for relief in the circumstances presented. He has not been prejudiced by the prison law library's inability to more promptly accommodate his last minute request for access for the stated purpose of mailing an amended complaint.

Plaintiff's motion for appointment of counsel, his second, will be denied. This case is closed, and plaintiff has no viable claim for relief.

IT THEREFORE IS ORDERED that plaintiff's motion (#23) for relief from order is DENIED.

1 | IT FURTHER IS ORDERED that plaintiff's motion (#24) for appointment of counsel
2 | also is DENIED.
3 | The court has ruled, now three times.  This case is closed.
4 | DATED:  April 18, 2011.

_____
JAMES C. MAHAN
United States District Judge

-5-